UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACINTA CASTRO, INDIVIDUALLY AND ON BEHALF OF THEMSELVES AND OTHER SIMILARLY SITUATED PERSONS, KNOWN AND UNKNOWN,<br><br>Plaintiff,<br><br>v.<br><br>EL MILAGRO, INC.,<br><br>Defendant. | No. 22 C 03943<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jacinta Castro ("Castro"), in her putative class action complaint, alleges that her employer, Defendant El Milagro, Inc. ("El Milagro") failed to comply with the Illinois Biometric Information Privacy Act ("BIPA") in gathering employees' biometric data with its timekeeping technology. Castro has moved to amend her complaint to add a new named plaintiff, Serapio Chavez ("Chavez"). El Milagro opposes this motion. For the following reasons, Castro's motion for leave to amend is granted.

**Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Leave to amend is inappropriate "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). The futility of an

1

amendment is analyzed according to "the legal sufficiency standard of [Federal Rule of Civil Procedure] 12(b)(6) to determine whether the proposed amended complaint fails to state a claim." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022).

Under the Rule 12(b)(6) standard, the court analyzes the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

**Background**

Castro, an employee of tortilla manufacturer El Milagro, filed suit against El Milagro in the Circuit Court of Cook County, Illinois on June 3, 2022. R. 1. The original complaint alleged violations of BIPA related to El Milagro's employee time-

2

keeping system, which allegedly extracted, authenticated, stored, and shared employees' fingerprint and/or handprint data. R. 1-1 ¶ 18. Castro's claims were filed on behalf of herself and a proposed class of current and former El Milagro employees. *Id*. ¶¶ 1–2. El Milagro timely removed the case to this Court on July 28, 2022, R. 1, and on August 8, 2022, filed its answer, R. 13. In September 2022, the parties jointly requested a stay of the proceedings until two BIPA-related cases then pending before the Illinois Supreme Court were resolved. R. 18. This Court lifted the stay on February 21, 2023, after both cases had been decided by the Illinois Supreme Court.[1] R. 23. This Court then ordered that amended pleadings are due by August 3, 2023, written discovery is to be issued by August 31, 2023, and fact discovery is to be completed by November 3, 2023. R. 24.

On April 5, 2023, Castro filed a motion seeking leave to amend her complaint to add Chavez, a former employee of El Milagro, as an additional named plaintiff because "[j]ust recently, and upon additional investigation, new facts have emerged that [caused] counsel for Plaintiff [to] believe that an additional and necessary party must be added to this case." R. 25 ¶ 4. Apart from the addition of Chavez, the allegations and claims contained in the proposed amended complaint are virtually the same as the original complaint. *Compare* R. 1-1 *with* R. 25-1. El Milagro opposes the motion for leave to amend.

---

[1] *See Tims v. Black Horse Carriers, Inc.*, 2023 IL 127801 (holding that five-year statute of limitations applies to a BIPA action); *Cothron v. White Castle Sys., Inc.*, 2023 IL 128004 (holding that a BIPA claim accrues each time that biometric identifiers or information are collected or disseminated).

**Discussion**

El Milagro argues that the Court should not grant leave to amend because 1) the proposed amended complaint fails to state a plausible claim, rendering amendment futile; and 2) Castro's undue delay in moving to amend her complaint prejudices El Milagro. Neither argument is convincing.

### I.     Futility

El Milagro argues that the proposed amended complaint fails to state a claim such that amendment would be futile. At the outset, El Milagro argues that proposed plaintiff Chavez's claims are futile because he explicitly consented to the collection, use, and disclosure of his biometric information by signing a consent form, thereby waiving his rights under BIPA. El Milagro attaches a supposed copy of this consent form to its opposition brief. *See* R. 27-1.

The Court cannot consider this document at this stage in the proceedings. In applying the Rule 12(b)(6) standard, a court can only consider external documents attached to a motion if they are "referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Here, the alleged consent form is neither referred to in the original complaint nor the proposed amended complaint. It therefore cannot be considered part of the pleadings.

Even if this Court could consider the document, waiver of rights via a signed consent form is an affirmative defense under Fed. R. Civ. P. 8(c), which is "generally not [a] proper ground[ ] for granting a Rule 12(b)(6) motion. . . . The reason being that

4

these defenses typically turn on facts not before the court at [this] stage in the proceedings." *Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604, 614 (N.D. Ill. 2020) (citation omitted). For example, in *Cothron*, the court held that, even considering a biometric privacy consent form signed by the plaintiff, it would not grant the defendant's motion to dismiss BIPA claims on the basis of waiver. *Id.* The court explained that a plaintiff can only waive statutory rights knowingly, voluntarily, and intentionally, and that the plaintiff's state of mind when signing the consent form is a matter best left to the trier of fact. *Id.* Therefore, because this Court cannot consider Chavez's consent form, and because even if it could, the consent form would not defeat the BIPA claims, El Milagro's first futility argument fails.

Second, El Milagro argues that the proposed amended complaint is futile because it fails to allege plausible facts necessary to support a claim. Specifically, El Milagro maintains that the factual allegations in the proposed amended complaint "merely parrot the statutory elements" of BIPA and "purportedly apply indistinguishably to both Plaintiff and Chavez." R. 27 at 2. The proposed amended complaint alleges that, from 2000 to 2023, El Milagro's timekeeping technology required Castro and Chavez to provide their fingerprint and/or handprint data every time they clocked in or out, R. 25-1 ¶¶ 21–24; that this information was stored in its timekeeping system and given to third parties for the purposes of time keeping, data storage, and payroll, *id.* ¶ 27; that El Milagro did not inform Castro or Chavez in writing that their biometric information would be collected, stored, used, and disseminated, or publish a written public policy as to the same, *id.* ¶¶ 28–29; and that

5

El Milagro "was aware, or reckless in failing to be aware" that its technology was collecting, using, and disseminating its employee's biometric data, *id.* ¶ 26.

First, this Court notes that the allegations with which El Milagro takes issue are identical to those in the original complaint—which El Milagro answered and did not move to dismiss. If this Court were to refuse to allow amendment based on these allegations, the *very same allegations* in the original complaint would still govern the operative complaint in this case moving forward. In truth, El Milagro's opposition on this issue has no practical effect.

Moreover, these allegations are sufficient at this juncture to provide El Milagro with "fair notice" of the Plaintiffs' claims and the factual bases for them. *Twombly*, 550 U.S. at 555; *id.* at 545 (Rule 12(b)(6) "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence."). The proposed amended complaint provides notice of how the biometric data was allegedly captured and stored and the employees and timeframe at issue. *Cf. Heard v. Becton, Dickinson & Co.*, No. 19 C 4158, 2020 WL 887460, at *4 (N.D. Ill. Feb. 24, 2020) (case cited by El Milagro dismissing BIPA complaint where plaintiff did not allege "how, when, or any other factual detail" regarding the collection of biometric data, such as how the plaintiff's biometric data ended up in the defendant's system). Other cases cited by El Milagro are similarly distinguishable. *Kloss v. Acuant, Inc.*, 462 F. Supp. 3d 873, 877 (N.D. Ill. 2020) (dismissal because of failure to allege the plaintiff's relationship with the defendant and the operative timeframe of events); *Namuwonge v. Kronos, Inc.*, 418 F. Supp. 3d 279, 286 (N.D. Ill. 2019) (granting motion to dismiss due to

6

plaintiff's failure to allege how the defendant, a third party which provided timekeeping technology to plaintiff's employer, collected and stored plaintiff's data). And as to El Milagro's argument that the same allegations cannot apply to both Chavez and Castro, this Court is unaware of, and El Milagro does not cite, any pleading rule that requires each plaintiff to allege different facts.

Finally, amendment is futile, according to El Milagro, because the proposed amended complaint does not adequately allege negligence or recklessness. But once again, the original complaint, which El Milagro answered, contained the same allegations relating to El Milagro's state of mind. R. 1-1 ¶ 27. And again, if the Court were to deny amendment on this basis, this case would be governed by the exact same state of mind allegations.

Nonetheless, BIPA allows for statutory damages only if the plaintiff establishes a negligent, reckless, or intentional violation. 740 ILCS 14/20 (allowing a prevailing party to recover the greater of $1,000 per negligent violation and $5,000 per reckless or willful violation); *see also Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1104 (N.D. Ill. 2017) ("[T]he Privacy Act only subjects violators to statutory damages if there is negligence or willfulness."). Other remedies, such as injunctive relief and costs and fees, are available regardless of the alleged violator's mental state. *See* § 14/20(3–4). Because the mental state of the alleged violator is not an element of establishing a BIPA violation—it merely determines to which remedies the prevailing party is entitled—a plaintiff is not required to plead any mental state. *See Davis v. Passman*, 442 U.S. 228, 239 (1979) ("[W]hether a litigant has a 'cause of action' is

analytically distinct and prior to the question of what relief, if any, a litigant may be entitled to receive."); *Cothron*, 467 F. Supp. 3d at 615 ("Rule 12(b)(6) does not require [a BIPA plaintiff] to plead the facts that will determine the amount of actual damages she may be entitled to recover."); *see also Sosa v. Onfido, Inc.*, 600 F. Supp. 3d 859, 875 (N.D. Ill. 2022) (collecting cases).

In the proposed amended complaint, Castro and Chavez request not only statutory damages but also injunctive and declaratory relief, all arising from the same claim. While El Milagro argues that the proposed amended complaint makes no attempt to distinguish between a technical violation and a negligent, reckless, or intentional violation, such a distinction is not required at this stage. And El Milagro's argument that the complaint fails because it contains no allegations establishing the standard of care finds no backing in case law. Indeed, the case cited by El Milagro acknowledges that *evidence* of an industry-wide standard of care "may be admitted to aid the trier of fact" in determining whether negligence exists. *Demos v. Ferris-Shell Oil Co.*, 317 Ill. App. 3d 41, 51 (2000). But evidence is certainly not required under the Rule 12(b)(6) standard. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (noting that a complaint need not plead evidence). Accordingly, the proposed amendment is not futile.[2]

## II. Undue Delay and Undue Prejudice

---

[2] Even so, the proposed amended complaint alleges that El Milagro was "aware" or "reckless in failing to be aware" of the collection of its employees' biometric data, which is arguably enough to plead recklessness. R. 25-1 ¶ 26.

El Milagro's final argument in opposition to the motion for leave to amend is similarly deficient. It contends that Castro's delay in filing a motion to amend the complaint ten months after the original complaint's filing date is unduly prejudicial. This Court analyzes undue delay by considering "the number of times a plaintiff has amended the complaint, the reasons for the delay, the length of time between when the plaintiff learned of the facts supporting the underlying amendment, and when the plaintiff moved to amend the complaint, and the procedural posture of the case." *Fermaint v. Planet Home Lending, LLC*, No. 18 C 07325, 2020 WL 1888915, at *2 (N.D. Ill. Apr. 16, 2020) (citation omitted).

In this case, the parties *jointly* requested a stay of the case for five of the ten months between filing and Castro's request for leave to amend. El Milagro cannot now complain of a "delay" caused by a stay that it requested. Further, the proposed amended complaint is presumptively timely because it was filed four months before the amended pleading deadline of August 3, 2023. This is the first motion to amend, and Plaintiffs' counsel asserts they "just recently" learned new (unspecified) facts that make adding Chavez as a named plaintiff necessary. R. 25 at 4. El Milagro responds that the proposed amended complaint does not contain any new information, and therefore, the amendment should be foreclosed. Castro does not, however, need to disclose what the new information learned is, as it may very well relate to strategic considerations protected by the attorney-client privilege. Considering the joint request to stay the action, as well as the apparent timeliness of Castro's motion for leave to amend, the Court does not find undue delay.

Even so, El Milagro fails to show how granting leave to amend would unduly prejudice it. El Milagro correctly notes that the Seventh Circuit has ruled that an amendment containing "new complex and serious charges" that would require new discovery may prejudice a party. *See Ferguson v. Roberts*, 11 F.3d 696 (7th Cir. 1993). Here, however, Castro seeks only to add a single named plaintiff to a putative class action complaint, and the amendment contains no new factual or legal claims beyond those contained in the original complaint. Written discovery has not been issued yet, and the Court does not anticipate that adding a named plaintiff at this time will unreasonably expand discovery efforts. Because Chavez would have likely been a member of the proposed class regardless of whether he was a named plaintiff, written discovery related to his claims should not expand discovery in any meaningful way. Accordingly, El Milagro has failed to show undue prejudice as a result of Castro's motion to amend.

## CONCLUSION

For the foregoing reasons, Castro's motion for leave to amend the complaint is granted.

.

ENTERED:

*Thomas M Durkin*
_____

Honorable Thomas M. Durkin
United States District Judge

Dated: July 19, 2023

10