## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JACINTA CASTRO AND SERAPIO
CHAVEZ, individually and on behalf of
themselves and other similarly situated
persons, known and unknown

           Plaintiff(s),

   v.

EL MILAGRO, INC.

           Defendant.

Case No.  2022-cv-03943

Hon. Thomas M. Durkin

## EL MILAGRO, INC.'S ANSWER TO PLAINTIFFS'
## AMENDED CLASS ACTION COMPLAINT

Defendant, El Milagro, Inc., by and through its attorneys, Duane Morris LLP, hereby

submits it Answer to Plaintiffs Jacinta Castro and Serapio Chavez's ("Plaintiffs'") Amended

Class Action Complaint ("Amended Complaint") as follows:

### Introduction and Parties

### AMENDED COMPLAINT ¶ 1:

This class action seeks redress for Defendant's willful violations of the Illinois Biometric
Information Privacy, Act, 740 ILCS 14/1, *et, seq.* ("BIPA") for failure to comply with Illinois's
requirements for gathering individuals' biometric data.

### ANSWER:

Defendant admits only that Plaintiffs have filed a Complaint against Defendant wherein

Plaintiffs allege violations of the Illinois Biometric Information Act.  Answering further,

Defendant denies that it violated the Illinois Biometric Information Privacy Act and denies any

remaining allegations contained in Paragraph 1 of the Amended Complaint.

### AMENDED COMPLAINT ¶ 2:

Plaintiffs are residents of Chicago, Illinois; and they are or were employed by Defendant.

**ANSWER**:

Defendant admits that it employed Plaintiffs. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the allegations contained in Paragraph 2 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 3:**

Defendant El Milagro, Inc. is a corporation in the business of tortilla manufacturing, including in Chicago, Illinois. During relevant periods, upon information and belief, Defendant employed in excess of 250-500 different employees.

**ANSWER**:

Defendant admits that it is a corporation in the business of tortilla manufacturing, including in Chicago, Illinois. Defendant states that "relevant periods" is not defined and it therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; accordingly, Defendant denies the remaining allegations contained in Paragraph 3 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 4:**

The Court possesses general subject matter jurisdiction over the state law BIPA claim. Jurisdiction is proper under 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendants are doing business within this State and because Plaintiff's and the Proposed Class's (the "Class") claims arise out of Defendant's unlawful in-state actions, as Defendant failed to comply with BIPA while taking Plaintiff and the Class's biometric information without complying with BIPA's requirements.

**ANSWER**:

Defendant states that jurisdiction is proper in the U.S. District Court for the Northern District of Illinois. Defendant denies the remaining allegations contained in Paragraph 4 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 5:**

Venue is proper in the District Court of Illinois because all or most underlying facts and transactions occurred in Chicago, Illinois, and Plaintiffs reside in Chicago, and Defendants transact business in Chicago, Illinois.

**ANSWER**:

Defendant admits that it transacts business in Chicago, Illinois. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs reside in Chicago. Defendant denies the remaining allegations in Paragraph 5 of the Amended Complaint.

**COUNT I**
**Violation of the Illinois Biometric Information Privacy Act,**
**740 ILCS 14/1, et seq**

**AMENDED COMPLAINT ¶ 6:**

Plaintiffs reincorporate by reference Paragraphs 1 through 5, as if set forth in full herein for Paragraph 6.

**ANSWER**:

Defendant reincorporates its answers to the foregoing allegations as if fully set forth herein.

**AMENDED COMPLAINT ¶ 7:**

BIPA defines a "Biometric Identifier" as any personal feature that is unique to an individual, including fingerprints, palm scans, and face/facial feature/retinal scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics".

**ANSWER**:

Defendant denies the allegations contained in Paragraph 7 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 8:**

This count concerns the taking and/or misuse of individuals' biometrics by Defendant El Milagro, Inc.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 8 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 9:**

Defendant was and/or is capturing, storing, using, and/or disseminating the Biometric Information of Plaintiffs and other Class members without their informed written consent as required by law.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 9 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 10:**

Defendant's biometric technology captures, collects, or otherwise uses Biometric Information, or portions and/or data derived therefrom, to authenticate the identity of individuals including Plaintiffs and members of the proposed class.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 10 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 11:**

Biometric technology allows companies to reduce timekeeping fraud and/or acquire other efficiencies for their business. Unfortunately, along with the increased utility of biometric technology, so too come grave privacy risks associated with the unauthorized or malicious dissemination of this information.

**ANSWER**:

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph and therefore denies the allegations contained in Paragraph 11 of the

Amended Complaint.

**AMENDED COMPLAINT ¶ 12:**

The risk of harm is greatly magnified when biometrics are obtained in violation of reasonable regulations designed to protect individuals' irreplaceable information. The permanent and irreplaceable nature of one's biometrics makes the illegal collection of the same a significant public problem with far-reaching consequences, including irreversible identity theft.

**ANSWER**:

Defendant states that there are no allegations against it in this paragraph, thus, no response

is required. To the extent there are allegations in this paragraph against Defendant, Defendant

states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**AMENDED COMPLAINT ¶ 13:**

Recognizing the irreversible harm presented by allowing the unregulated collection and use of biometrics, Illinois passed the BIPA, a statute addressing the collection, use, retention, possession, and dissemination of biometrics by private entities, such as Defendant El-Milagro, Inc.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 14:**

Under BIPA, a biometric system, such as Defendant's system, is legal if, and only if, Defendant first:

(1)     informs the person whose biometrics are to be collected in writing that biometric identifiers or biometric information will be collected or stored;

(2)     informs the person whose biometrics are to be collected in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3)     receives an executed written release from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and

(4)     publishes publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

**ANSWER**:

Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 15:**

Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an informed decision when electing whether to provide or withhold biometrics.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 15 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 16:**

At the time the BIPA was passed in 2008, another data privacy statute, the Personal Information Protection Act, 815 ILCS § 530 et seq. ("PIPA"), had been law in Illinois since 2006. PIPA provided a private right of action if a company possessing an individual's unique biometric data (the same data regulated by the BIPA) suffers a data security breach and fails to give affected consumers proper notice of such a breach. Further, numerous state and federal statutes, including the Illinois Consumer Fraud Act, also provide consumers a remedy in the event of an actual breach.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 17:**

Defendant's biometric timekeeping system works by extracting biometric information from individuals, such as fingerprints, handprints, or portions thereof; and subsequently using the same for authentication and timekeeping purposes. The system includes the dissemination of biometrics to third parties, such as data storage vendors and payroll services. The biometrics are stored and repeatedly used each time a worker "clocks in" or "out" on the job.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 18:**

The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometric information is also associated with his/her Social Security Number and potentially other relevant financial information or personal identifiable information. The gravity of the unresolvable problems created in the event of a data breach is so severe that the unlawful collection of such information constitutes actual harm.

**ANSWER**:

Defendant states that there are no allegations against it in this paragraph, therefore, no response is required. To the extent there are allegations in this paragraph against Defendant, or to the extent a response is required, Defendant denies that the "unlawful collection of . . . information constitutes actual harm." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

## AMENDED COMPLAINT ¶ 19:

Plaintiffs bring this action for damages and other remedies resulting from the actions of Defendant in capturing, storing, using, and disseminating his/her biometrics, and those other individuals throughout the state of Illinois, without informed written consent, and without informing them through a publicly available policy of how and when the subject biometrics would be stored or disposed of, in direct violation of the Illinois BIPA.

**ANSWER**:

Defendant admits only that Plaintiffs purport to bring this action for damages and other

remedies.  Defendant denies the remaining allegations contained in Paragraph 19 of the Amended

Complaint.

## AMENDED COMPLAINT ¶ 20:

To the extent Defendant is still retaining Plaintiffs' biometrics, such retention is unlawful. Plaintiffs would not have provided their biometric data to Defendant or utilized its biometric timekeeping technology had they known the same would remain with Defendant for an indefinite period or subject to unauthorized disclosure.

**ANSWER**:

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph concerning what Plaintiffs would or would not have done, and

therefore denies such allegations.  Defendant denies the remaining allegations contained in

Paragraph 20 of the Amended Complaint.

## AMENDED COMPLAINT ¶ 21:

On behalf of themself and the proposed Class defined below, Plaintiffs seek an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and common law monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

**ANSWER:**

Defendant admits only that Plaintiffs have filed an Amended Complaint for damages, an

injunction, and attorneys' fees and costs.  Defendant denies that Plaintiffs are entitled to such

alleged remedies and Defendant denies the remaining allegations contained in Paragraph 21 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 22:**

During the relevant time, Plaintiffs worked at Defendant's premises.

**ANSWER**:

Defendant states that "relevant time" is not defined and it therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; accordingly, Defendant denies the allegations contained in Paragraph 22 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 23:**

Defendant uses biometric scanning technology to monitor and track its employees' and other staffers, including Plaintiffs' time.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 24:**

For the time period of years 2000 until 2023 of Plaintiffs' employment at Defendant's facilities, they were required to scan their fingerprints and/or other biometrics into Defendant's biometric timekeeping device each time they needed to "clock-in" and "clock-out". The system ensures that Plaintiffs could only verify their attendance and timeliness using the device. Defendant was aware that Plaintiffs and other Class members would be required to utilize the biometric timekeeping technology.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 25:**

Plaintiffs relied on Defendant to not only provide a lawful and legally compliant system, but to also disclose all material information regarding the technology and system, including retention, destruction, and dissemination policies.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 25 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 26:**

Defendant was aware, or reckless in failing to be aware, that its employees and staffers would be subject to its biometric technology. Defendant was aware that its biometric technology would be capturing, collecting, utilizing, and/or disseminating the biometrics of Plaintiffs and the Class members.

**ANSWER**:

The allegations in this paragraph state a legal conclusion to which no answer is required.

To the extent an answer is required, Defendant denies the allegations contained in Paragraph 26

of the Amended Complaint.

**AMENDED COMPLAINT ¶ 27:**

Defendant's biometric technology allows for and resulted in the dissemination of Plaintiffs and other Class member's biometrics to third parties, including vendors for timekeeping, data storage, and payroll purposes.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 28:**

Prior to taking Plaintiffs' biometrics through its biometric technology, Defendant did not inform Plaintiffs in writing that their biometrics were being collected, stored, used, or disseminated, or publish any policy specifically about the collection, retention, use, deletion, or dissemination of biometrics. Defendant did not seek, and Plaintiffs never provided, any executed written consent relating to the collection, use, storage, or dissemination of his biometrics.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 28 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 29:**

Prior to taking Plaintiffs' biometrics, Defendant did not make publicly available any written policy as to a biometric retention schedule and guidelines for permanently destroying the collected biometrics.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 29 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 30:**

Additionally, Defendant did not obtain written consent from Plaintiffs for the dissemination of their biometrics to third parties.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 31:**

To this day, Plaintiffs are unaware of the status of their biometrics obtained by Defendant. Defendant has not informed Plaintiffs whether it still retains their biometrics, and if it does, for how long it intends to retain such information without his consent.

**ANSWER**:

Defendant is without knowledge or information sufficient to form a belief as to the accuracy of Plaintiffs' allegations regarding her awareness "of the status of their biometrics," and therefore denies those allegations. Defendant denies any remaining allegations contained in Paragraph 31 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 32:**

Plaintiffs and/or members of the Class have been aggrieved as a result of Defendant's violations of BIPA, and they may have suffered pecuniary damages in the form of lost wages, diminution in the unique identifying value of his biometrics, and other costs associated with identity protection.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 33:**

Furthermore, Plaintiffs biometrics are economically valuable and such value will increase as the commercialization of biometrics continues to grow. Defendant's repeated use of Plaintiffs' biometrics does and will continue to confer a benefit on Defendant for which Plaintiffs was not sufficiently compensated.

**ANSWER**:

The allegations in this paragraph state a legal conclusion to which no answer is required.

To the extent an answer is required, Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 34:**

At the time Plaintiffs biometrics were captured, Defendant did not have a publicly available policy of informing individuals, including Plaintiffs, of what happens to their biometrics after they are captured, whether the information is disseminated to a third party and, if so, which third party, and what would happen to the data if Defendant was to be acquired or file bankruptcy.

**ANSWER**:

The allegations in this paragraph state a legal conclusion to which no answer is required.

To the extent an answer is required, Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 35:**

Plaintiffs and/or members of the Class have been aggrieved by Defendant's violation of BIPA, since Plaintiffs were denied the written disclosures, releases and other information required by Section 15 of BIPA, and thus Plaintiffs and/or members of the Class were deprived of: informed consent with respect to the taking of their biometric data; access to Defendant's biometric privacy policies; and/or other such rights afforded by BIPA.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 36:**

By failing to comply with BIPA, Defendant has violated Plaintiffs' substantive state rights to biometric information privacy. Each and every instance that Defendants took Plaintiffs' and members of the proposed class's Biometric Information constituted a violation of BIPA. Pursuant to Section 20 of the BIPA, Defendant is liable to Plaintiffs for $1,000.00 for each and every negligent violation of the BIPA; and $5,000.00 for each and every intentional or reckless violation of the BIPA. Likewise, Defendant is liable to each member of the proposed class for $1,000.00 for each and every negligent violation of the BIPA; and $5,000.00 for each and every intentional or reckless violation of the BIPA.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint.

## Class Allegations

**AMENDED COMPLAINT ¶ 37:**

Plaintiffs brings this action on behalf of themselves and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiffs seeks to represent a Class defined as follows:

> Class: All of El Milagro, Inc.'s current and former employees or agents and staffers whose Biometric Information were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant or its technology within the State of Illinois any time within the applicable limitations period

**ANSWER**:

Defendant admits only that Plaintiffs purport to bring a class action. Defendant denies that Plaintiffs can meet the requirements for certifying a class, denies that Plaintiffs or any alleged putative class members can obtain any damages or other relief, and denies the remaining allegations contained in Paragraph 37 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 38:**

Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

**ANSWER**:

Defendant admits only that Plaintiffs purport to bring a class action and seek to exclude certain persons from their alleged putative class. Defendant denies that Plaintiffs can meet the requirements for certifying a class, denies that Plaintiffs or any alleged putative class members can obtain any damages or other relief, and denies the remaining allegations contained in Paragraph 38 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 39:**

Upon information and belief, there are at least 250-500 members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, the members can be easily identified through Defendant's personnel records.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 40:**

Plaintiffs' claims are typical of the claims of the members of the Class they seek to represent, because the factual and legal bases of Defendant's liability to Plaintiffs and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiffs and to the Class. As alleged herein, Plaintiffs and the Class have all suffered damages as a result of Defendant's BIPA violations and common law transgressions.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 41:**

There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

a.      Whether Defendant's timekeeping technology and associated conduct is subject to BIPA;

b.      Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

c.      Whether Defendant obtained a written and executed release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

d.      Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

e.      Whether Defendant's conduct violates BIPA;

f.      Whether Defendant's conduct is negligent;

g.      Whether Defendant's violations of the BIPA are willful or reckless; and

h.      Whether Plaintiffs and the Class are entitled to damages and injunctive relief;

i.      Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 42:**

Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 43:**

Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel has any interest adverse to those of the other members of the Class.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 44:**

Defendant has acted and failed to act on grounds generally applicable to the Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 44 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 45:**

Defendant is a private entity under BIPA.

**ANSWER**:

The allegations in this paragraph state a legal conclusion to which no answer is required.

To the extent an answer is required, Defendant denies the allegations contained in Paragraph 45 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 46:**

BIPA requires private entities, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject ... in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information ....". 740 ILCS 14/15(b).

**ANSWER**:

The allegations in this paragraph state a legal conclusion to which no answer is required.

To the extent an answer is required, Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 47:**

Illinois's BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

**ANSWER**:

The allegations in this paragraph state a legal conclusion to which no answer is required.

To the extent an answer is required, Defendant denies the allegations contained in Paragraph 47 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 48:**

Plaintiffs and the other Class members have had their "biometric identifiers", namely their fingerprints, collected, captured, received or otherwise obtained by Defendant and/or its technology. Plaintiffs and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10

**ANSWER**:

Defendant denies the allegations contained in Paragraph 48 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 49:**

Each instance Plaintiffs and the other Class members had their fingerprints scanned into Defendant's biometric devices, Defendant and/or its technology captured, collected, stored, and/or used Plaintiffs and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 49 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 50:**

Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

a.   Defendant failed to inform Plaintiffs and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b.   Defendant failed to inform Plaintiffs and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c.   Defendant failed to inform Plaintiffs and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d.   Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e.   Defendant failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and/or

f.   Defendant failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

**ANSWER**:

Defendant denies the allegations contained in Paragraph 50 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 51:**

By designing and operating an employee timekeeping system which uses biometrics that was devoid of the privacy protections required by BIPA, Defendant profited from Plaintiffs and the Class members' biometric identifiers and biometric information in violation of 740 ILCS

14/15(c). Defendant knew, or was reckless in not knowing, that the biometric systems it was selling, maintaining, and/or servicing would be subject to the provisions of BIPA yet wholly failed to comply with the statute.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 51 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 52:**

By capturing, collecting, storing, using, and disseminating Plaintiffs and the Class members' biometrics as described herein, Defendant denied Plaintiffs and the Class their right to statutorily-required information and violated their respective rights to biometric information privacy, as set forth in the BIPA.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 52 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 53:**

Had Defendant informed Plaintiffs that he was not being provided with the required information regarding his biometrics and the biometric timekeeping program it was providing as required by law, or that the biometric technology it was providing was not legally compliant, they may not have worked in the subject employment conditions or agreed to provide his biometrics without additional compensation.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 53 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 54:**

Further, had Defendant provided Plaintiffs with all required disclosures, they at least would have been able to make an informed decision concerning material facts of the work environment, including whether the rate of pay and opportunity cost justified participating in the biometric timekeeping program.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 54 of the Amended Complaint.

**AMENDED COMPLAINT ¶ 55:**

The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of the BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA. 740 ILCS 14/20(1).

**ANSWER**:

Defendant admits only that this paragraph purports to paraphrase portions of 740 ILCS 14/20(1). Answering further, Defendant states that the statute speaks for itself and, accordingly, denies any allegations inconsistent therewith.

**AMENDED COMPLAINT ¶ 56:**

Defendant's violations of the BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 56 of the Amended Complaint.

**PRAYER FOR RELIEF:**

Wherefore, Plaintiffs Jacinta Castro and Serapio Chavez, on behalf of themselves and the proposed Class, prays for:

a. the certification of the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. a declaration that Defendant's actions violate BIPA;

c. an award of injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA requirements for the capture and collection of biometrics, as well as requiring Defendant to comply with the written retention policy requirements of 740 ILCS 14/15(a);

d. an award of statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(1), more specifically, an award of $5,000 for each and every time Defendant took Plaintiff's and the Class's biometric information;

e. an award or statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(3), more specifically, an award of $1,000 for each and every time Defendant took Plaintiff's and the Class's biometric information;

f. an award of reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3); and/or

g. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**ANSWER:**

Defendant denies that Plaintiffs' claims have merit, denies the existence of any alleged putative class of persons that Plaintiffs purport to represent, denies that certification of any putative class is appropriate, and denies that Plaintiffs or any putative class member is entitled to any relief whatsoever. Defendant denies any remaining allegations or request set forth in Plaintiffs' Prayer for Relief.

## ANSWER TO REMAINDER OF COMPLAINT

Defendant denies each and every allegation in the Complaint that has not been separately and specifically admitted.

## JURY DEMAND

Defendant demands a jury trial as to all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses without assuming any burdens of production or proof that, pursuant to law, belongs to Plaintiffs. Defendant reserves the right to amend its answer and to assert any additional affirmative defenses as may become available or apparent during the course of this litigation.

### First Affirmative Defense
### (Preemption and Exclusion)

Plaintiffs' claims and/or those of any putative class members are preempted pursuant to the Labor Management Relations Act, BIPA exclusions in 740 ILCS 14/25, or as provided in any provision of BIPA.

### Second Affirmative Defense
### (Assumption of the Risk)

Plaintiffs and members of the alleged putative class had actual and constructive knowledge of the alleged risks inherent in the use of the system alleged in the Complaint. Nonetheless, Plaintiffs

and alleged members of any putative class voluntarily undertook such risks and, to the extent that Plaintiffs and alleged members of any putative class suffered any injury, the proximate cause of such injury was not a negligent action nor omission by Defendant. Thus, to the extent that Plaintiffs and any alleged putative class members allegedly suffered any injury from placing their hands or fingers on a hand- or fingerprint-scanner, any recovery against Defendant should be barred or reduced by the degree to which Plaintiffs and the alleged members of any putative class voluntarily assumed the risks inherent in their use of the system alleged in the Complaint and any resulting injury therefrom.

**Third Affirmative Defense**
**(Consent)**

The claims of Plaintiffs and any alleged putative class members are barred in whole or in part because Plaintiffs and the alleged putative class members consented to the practices they challenge by expressly or impliedly agreeing to the use of the systems or mechanisms alleged in the Complaint.

**Fourth Affirmative Defense**
**(Waiver/Estoppel)**

Plaintiffs and the alleged putative class members' claims are barred in whole or in part by the doctrine of waiver and estoppel. Upon information and belief, Plaintiffs and the alleged putative class approved and, in some cases, participated in the conduct Plaintiffs now complain of. As a result, Plaintiffs and the alleged putative class members are barred from bringing BIPA claims under the doctrine of waiver and estoppel.

**Fifth Affirmative Defense**
**(Statute of Limitations)**

Plaintiffs' and the alleged putative class members' claims are barred to the extent that Plaintiffs and the alleged putative class members failed to bring their causes of action with respect to certain of the alleged violations within the periods required by the applicable statutes of limitations.

**Sixth Affirmative Defense**
**(Due Process)**

The individual and class claims for damages asserted in this case are barred in whole or in part by the Due Process Clause of the United States Constitution. Plaintiffs allege that they and the alleged putative class members they seek to represent are entitled to recover $1,000 in statutory damages for each alleged negligent violation of BIPA and $5,000 in statutory damages for each alleged willful and/or reckless violation of BIPA. Plaintiffs and the alleged putative class members have not suffered any harm as a result of the conduct alleged. The statutory damages potentially available under BIPA are grossly excessive and disproportionate in light of the absence of any injury or harm to Plaintiffs and the alleged putative class members, and therefore any award of statutory damages to the Plaintiffs or alleged putative class members would violate Defendant's due process rights.

### Seventh Affirmative Defense
### (Good Faith)

The claims in the Complaint are barred in whole or in part by Defendant's good faith, and the absence of negligent, intentional, or reckless conduct. To the extent that BIPA applies to Defendant's conduct, Defendant is not liable because it relied in good faith upon a reasonable interpretation of BIPA's statutory language and any alleged violation was not negligent, intentional, or reckless.

### Eighth Affirmative Defense
### (Ratification/Acquiescence)

The claims in the Complaint are barred in whole or in part by the doctrines of ratification and acquiescence. Upon information and belief, Plaintiffs and the alleged putative class members approved and, in some cases, participated in the complained-of conduct. As a result, they are barred from bringing their claims under the doctrines of ratification and acquiescence and estoppel.

### Ninth Affirmative Defense
### (Substantial Compliance)

The claims in the Complaint are barred in whole or in part because, to the extent that BIPA applies to the conduct alleged (which Defendant denies), Defendant substantially complied with the requirements of BIPA.

**Tenth Affirmative Defense**
**(Intervening/Superseding Cause)**

The claims in the Complaint, or a portion of them, if any, are barred because any damages incurred were caused by intervening or superseding causes and not as a result of any action or omission of Defendant. Such intervening or superseding causes include but are not limited to any actions or omissions by third parties.

**Eleventh Affirmative Defense**
**(Unenforceable Penalty)**

The prayer for relief is barred in whole or in part because the recovery of statutory damages would not be a reasonable estimate of actual damages. Instead, such recovery amounts to a disparate penalty, akin to punitive damages for strict liability, and should be deemed unenforceable.

**Twelfth Affirmative Defense**
**(BIPA is Special Legislation)**

Plaintiffs' claims and the claims of alleged putative class members are barred because the Biometric Information Privacy Act is "special legislation" and, therefore, violates the Illinois State Constitution. *See Allen v. Woodfield Chevrolet, Inc.*, 802 N.E.2d 752 (2003).

**Thirteenth Affirmative Defense**
**(Failure to Mitigate Damages)**

Plaintiffs' claims and the claims of alleged putative class members should be reduced due to Plaintiffs' and the alleged putative class members' failure to mitigate damages.

**Fourteenth Affirmative Defense**
**(Traceability and Redressability)**

Each alleged putative class member's claims are barred in whole or in part to the extent that any purported injury, if any, is not fairly traceable to the alleged violation of BIPA, and the relief sought would not redress any such injury. Plaintiffs claim that Defendant's alleged

noncompliance with BIPA's notice and consent provisions disregarded their privacy rights and caused informational injury, economic harm, and mental anguish with a constant risk of exposure and dissemination of their biometric identifiers and biometric information. Yet, strict compliance with the statute (including obtaining advance written consent for the collection, storage, and use of such data, and/or disclosing the purpose and length of term for same) would not have stopped Plaintiffs or any alleged putative class member from knowingly and voluntarily using finger scan devices and therefore would not have prevented the collection, storage, and use of any such data or otherwise have mitigated against such purported injuries.

### Fifteenth Affirmative Defense
### (Mootness)

The claims in the Complaint are barred, in whole or in part, to the extent they are or become moot as to Plaintiffs and some or all purported members of the alleged putative class. Settlements or dispositive rulings in overlapping BIPA actions may moot the claims at issue here.

### Sixteenth Affirmative Defense
### (Preemption and Exclusion)

Alleged putative class members' and Plaintiffs' claims are preempted pursuant to the Labor Management Relations Act, BIPA exclusions in 740 ILCS 14/25, or as provided in any provision of BIPA.

### Seventeenth Affirmative Defense
### (Disclosure Exceptions)

The claims in the Complaint are barred in whole or in part because any alleged disclosure falls within BIPA's financial transaction exception or exception for disclosure required by law. Specifically, BIPA permits disclosure of biometric identifiers or biometric information to "complete[] a financial transaction requested or authorized by the subject" or if "required by State or federal law or municipal ordinance." 740 ILCS 14/15(d)(2), (3). Any disclosure by Defendant

of biometric identifiers or biometric information of Plaintiffs or purported members of the alleged putative class was for the purpose of completing a financial transaction requested or authorized by Plaintiffs or purported members of the alleged putative class or required by law.

**Eighteenth Affirmative Defense**
**(Statutory Damages)**

The Complaint's claims for damages (and certain categories of damages, and the amounts thereof recoverable) are limited by the applicable limits on statutory damages, including but not limited to those limits set forth in the BIPA.

**Nineteenth Affirmative Defense**
**(After-Acquired Evidence Doctrine)**

Plaintiffs and the alleged putative class may be barred, in whole or in part, from recovery of damages as alleged and prayed for in the Complaint by the after-acquired evidence doctrine.

**Twentieth Affirmative Defense**
**(No Ascertainable Class)**

The putative class alleged in the Complaint is inappropriate for class certification because there is no ascertainable class.

**Twenty-First Affirmative Defense**
**(Numerosity)**

The putative class alleged in the Complaint is inappropriate for class certification because the class is not so numerous that joinder of all members is impracticable.

**Twenty-Second Affirmative Defense**
**(Predominance)**

The putative class alleged in the Complaint is inappropriate for class certification because common issues of law and fact do not predominate over individual issues.

**Twenty-Third Affirmative Defense**
**(Common Questions of Law and Fact)**

The putative class alleged in the Complaint is inappropriate for class certification because there is no well-defined community of interest in or commonality between the questions of law and fact in this putative class action.

**Twenty-Fourth Affirmative Defense**
**(Typicality)**

The putative class alleged in the Complaint is inappropriate for class certification because Plaintiffs' claims are not typical of the claims of other purported members of the alleged putative class.

**Twenty-Fifth Affirmative Defense**
**(Superiority)**

The putative class alleged in the Complaint is inappropriate for class certification because a class action is not superior to other methods for fair and efficient adjudication of this matter.

**Twenty-Sixth Affirmative Defense**
**(Adequate Representation)**

The putative class alleged in the Complaint is inappropriate for class certification because neither Plaintiffs nor their counsel are able to fairly and adequately protect the interest of all purported members of the alleged putative class.

**Twenty-Seventh Affirmative Defense**
**(Impropriety of Class-Wide Injunctive Relief)**

Injunctive relief is barred because Plaintiffs and the purported members of the alleged putative class have not suffered irreparable harm and there is no real or immediate threat of injury.

**Twenty-Eighth Affirmative Defense**
**(No Retention/Storage/Collection/Possession/Capture/Purchase/Reception/Transimission/Disclosure)**

The claims in the Complaint are barred, in whole or in part, because Defendant did not retain, store, collect, possess, capture, purchase, receive, transmit, or disclose biometric identifiers or biometric information as defined under BIPA.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its Answer and to assert any additional defenses and affirmative defenses as may become available or apparent during the course of this litigation, in accordance with applicable Court rules and orders.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief and requests that Plaintiffs' Class Action Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendant's favor, and that Defendant be awarded its costs, attorneys' fees, and such other relief as this Court deems appropriate.

**DATED:  August 2, 2023**

Respectfully submitted,

EL MILAGRO, INC.

By:  */s/ Gerald L. Maatman, Jr.*
     One of its Attorneys

Gerald L. Maatman, Jr.
Jennifer A. Riley
Gregory Tsonis
*gmaatman@duanemorris.com*
*jariley@duanemorris.com*
*gtsonis@duanemorris.com*
DUANE MORRIS LLP
190 S. LaSalle Street, Suite 3700
Chicago, Illinois 60603-3433
Phone:  (312) 499-6700
Facsimile:  (312) 499-6701

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed through

the Court's CM/ECF System and served on Counsel of Record.


By: */s/ Gerald L. Maatman, Jr.*
    One of its Attorneys